C. Lee, for plaintiff,

THE COURT allowed the costs of taking the deposition to be taxed in the bill of costs.

## Case No. 5,143.

### Ex parte FRY et al.

[3 App. Com'r Pat. 251.]

Circuit Court, District of Columbia. Dec. 15, 1859.

MORSELL, Circuit Judge. The appellants state their claim to be for the process of using wax, stearine, spermaceti or other substances or compositions substantially the same for the purpose of backing up, and as a medium of color for the chemitype, and other pictures or designs on glass. The application was filed Nov. 22, 1855. The acting commissioner adopts the report of the examiners of May 11, 1859, in his decision dated May 12, 1859. The report after stating the references says: "We ourselves think after a careful examination and comparison of the references that it must be admitted that the process claimed by the applicants in its minute details, and the relations of those details with each other is not indicated by any of the references in unmistakable and exact terms, whatever they may imply or suggest. We are therefore indisposed in the face of declarations made under oath, especially in the absence on our part of a practical knowledge of the act, to determine that this officer would be justified in view alone of the references in still refusing the letters, and thus deprive the parties of all opportunity of testing the question in the courts. We should accordingly have recommended an allowance of the patent, but for the fact that we are informed by Mr. Woodly, an English artist residing in this city on E street near Pennsylvania avenue, that of his personal knowledge, Walter P. Davis photographist, then residing at Chelsea, London, practiced the plan of coloring photographic pictures on glass by ap-plying the colors to the varnish with which the impression had been previously covered, as early as the spring of 1855, and that he himself has been constantly practicing the same method for more than two years. A reference to the claim of the applicants will show their process to be substantially, if not identically, the same device, if the applicants still show their qualities of refracting and transmitting rays of light cannot be considered other than an equivalent of wax. We recommend a final refusal of the patent."

The following reasons of appeal were filed: —Firstly, because the mere ex parte statements of an individual, not under oath nor even in writing are not evidence, and can never be regarded as such. Secondly, because the mere prior use of an invention or discovery in a foreign country without its ever having been patented there or described in some printed publication, will not prevent the issuing of a patent to an original inventor in the United States. Thirdly, in the case now under investigation there is not even an allegation, much less proof, that this invention or discovery was ever known or used in the United States. Fourthly, and lastly, because the present applicants filed their application for a patent for the invention or discovery in question long prior to the time at which the informant Woodly alleges that he first commenced to use and practice a similar method.

On this state of the case, all the original papers and documents were duly laid before me, and with the argument in writing of the counsel for the appellant submitted for consideration. The matter involved in and covered by the reasons of appeal appears to be the objection to the facts related by Woodly to the commisioner in a conversation with him on the subject of the invention claimed in this case as stated by the commissioner. What ought to be the legal course of the commissioner in his official examination of his inventions under section 7 of the act of 1836, I shall refrain from saying, intending to confine my remarks to the point before me, and only so far as made necessary for my decision. Suppose then the commissioner has as stated by him, correctly obtained the information, what effect is to be given to it? It does not prove that prior to the alleged invention in this case by the applicant, it had been patented or described in any printed publication in this or any foreign country, or had been in public use or on sale with the applicant's consent or allowance prior to his application. The application in this case was made years before the time when Woodly says he used it. The oath of the party himself, made according to the requirements of the law and with its sanction, is entitled to some weight in considering a question of this kind, and he swears that he verily believes that he is the original and first inventor or discoverer

of said invention set forth in his specification, and that he does not know or believe that the same was ever before known or used. The latter clause of section 15 of the same act, which of course must be taken together with section 7 just alluded to, is very explicit. It is in these words: "Whenever it shall satisfactorily appear that the patentee at the time of making his application for the patent believed himself to be the first inventor or discoverer of the thing patented, the same shall not be void on account of the invention or discovery or any part thereof having been before known or used in any foreign country, it not appearing that the same or any substantial part thereof had before been patented or described in any printed publication." These provisions of the statute seem to me to be directly applicable to the facts constituting the point, and are conclusive to show that the commissioner erred in refusing to grant the letters patent, and the said decision is accordingly reversed, annulled and set aside, and it is hereby ordered and directed that a patent be accordingly issued to said applicants for their invention as prayed.